FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 29 2019 ★
BROOKLYN OFFICE

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

AES:HDM
F. #2018R01201

**CR 19-148**

March 25, 2019

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 25 2019 ★
BROOKLYN OFFICE

GARAUFIS, J.
LEVY, M.J.

BY HAND DELIVERY AND ECF

Clerk of the Court
(for forwarding to randomly assigned United States District Judge)
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

The Honorable Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

The civil and criminal cases should not be deemed related. Judge Garaufis has agreed to continue with the criminal case. So ordered. JBWeinstein 3/27/19

Re: Commodity Futures Trading Comm'n v. Patrick McDonnell, et al., Civil Docket No. 18-361(JBW), and United States v. Patrick McDonnell

Dear Clerk of Court and Judge Weinstein:

Pursuant to Local Rule 50.4, the government hereby respectfully notifies the Court that the above-captioned cases (the "Civil Case" and the "Criminal Case," respectively) are related because, as discussed further below, the same underlying facts are at issue in both cases. The U.S. Commodity Futures Trading Commission ("CFTC") filed the Civil Case on January 18, 2018, and after a trial, on August 23, 2018, Judge Weinstein entered final judgment ordering the defendant Patrick McDonnell to pay over $1.1 million in civil monetary penalties and restitution in the Civil Case. On March 25, 2019, a grand jury returned an indictment in the Criminal Case against the defendant Patrick McDonnell. While the government takes no position as to whom the Criminal Case should be assigned, the government respectfully submits that reassignment of both cases to one judge would likely be in the interest of justice and the efficient disposition of the business of the court.

Local Rule 50.4 permits reassignment of a case "in the interests of justice and



the efficient disposition of the business of the court." Here, reassignment to one judge would likely serve the interests of justice and save judicial resources because there is substantial overlap in the core factual allegations underlying the Criminal and Civil Cases. Namely, both cases involve allegations that: The defendant Patrick McDonnell defrauded investors in virtual currency by portraying himself as an experienced trader in virtual currency, promising customers he would provide virtual currency trading advice and purchase and trade virtual currency on their behalf. However, as alleged, the defendant never provided these services as promised. Instead, the defendant misappropriated customers' funds by using them for his own personal use. When customers requested their money back, the defendant initially provided excuses for delays in repayment, but eventually stopped communicating with customers and never returned their funds.

Accordingly, because of the subject matter overlap of the two cases, the government respectfully submits that reassigning the cases to one judge would likely serve the interests of justice and result in a significant savings of judicial resources.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: /s/ Hiral D. Mehta
Hiral D. Mehta
Assistant U.S. Attorney
(718) 254-6418

cc: Chief District Judge Dora L. Irizarry (by hand delivery)